**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

ADAM RANDOLPH POWELL,
Petitioner,
v.
PATWIN HORN,
Respondent.

Case No. 2:25-cv-12096-SB-ACCV

**ORDER ACCEPTING RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the parties' briefing, the relevant records on file, and the Report and Recommendation of the U.S. Magistrate Judge. The Magistrate Judge found that the petition was untimely under the Antiterrorism and Effective Death Penalty Act of 1996 and that Petitioner failed to establish any basis for statutory or equitable tolling, including because he failed to show reasonable diligence in pursuing his rights after his alleged January 2024 submission. *See Huizar v. Carey*, 273 F.3d 1220, 1223–24 (9th Cir. 2001) (holding that a prisoner may invoke the mailbox rule for a state habeas petition never received by the court only if he "diligently follows up" after failing to receive a disposition within a reasonable time). The Magistrate Judge also found that the claims were unexhausted. The Magistrate Judge granted a 45-day extension to Petitioner to file objections, Dkt. Nos. 18 & 19, and his new deadline to object was September 25, 2026. No timely objections have been filed to the Report and Recommendation.

When no objections are filed, the Court is not required to review the Magistrate Judge's findings and recommendations. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."); *see also United States v. Ramos*, 65 F.4th 427, 433–34 (9th Cir. 2023) (reaffirming that de novo review is required only as to object-to portions of a report and recommendation).

Because no party objected, the Court accepts the recommendation in the Report and Recommendation without independently reviewing its findings or reasoning.

IT IS THEREFORE ORDERED that: (1) the Motion to Dismiss is granted because the petition is untimely and contains only unexhausted claims; and (2) judgment be entered dismissing the action with prejudice as untimely.

DATED: October 16, 2026

STANLEY BLUMENFELD, JR.
United States District Judge